### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| GOLDI Y. CAPALUNGAN | : | |
| Petitioner, | : | Case No.: 2:18-cv-1276 |
| vs. | : | Judge: Smith |
| EMMANUEL R. LEE | : | Magistrate Judge: Jolson |
| Respondent. | : | |

## POST-TRIAL BRIEF OF RESPONDENT, EMMANUEL R. LEE

Now comes Respondent, Emmanuel R. Lee, by and through his legal counsel hereby submits this post-trial brief in support of the testimony and evidence he presented at trial on April 10, 2019. Respondent respectfully asks this Court to deny Petitioner's claims that Respondent wrongfully retained the parties' minor child in violation of the Hague Convention on the Civil Aspects of International Child Abduction, October 25, 1980, and the International Child Abduction Remedies Act, 22. U.S.C. § 9001.

/s/ Gregg R. Lewis

Gregg R. Lewis          (0041229)
625 City Park Avenue
Columbus, Ohio 43206
Phone: (614) 221-3938
Fax: (614) 221-3713
Email: grl@grlfamilylaw.com
*Attorney for Respondent*

1

## Table of Contents

1. Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

2. Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

3. Evidence and Testimony . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

4. Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

5. Objections . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## I.      INTRODUCTION

The Respondent, Emmanuel Lee, has not wrongfully retained the parties' minor child in the United States in violation of the Hague Convention on the Civil Aspects of International Child Abduction, October 25, 1980, ("Hague Convention"), and the International Child Abduction Remedies Act, 22. U.S.C. § 9001 (ICARA). Although Petitioner alleges that Respondent is wrongfully retaining the minor child, the evidence shows that the minor child has been habitually residing in the United States since he was voluntarily brought here by Petitioner in February of 2017. Further, Petitioner also consented to the minor child's stay in the United States by signing a series of documents over the last two (2) years. The minor child become acclimatized to his new surroundings while he has been under the care of his father in the United States. The evidence and testimony show that the minor child should remain in the United States. Further, Petitioner has failed to prove that the minor child's habitual residence is in Australia for purposes of the Hague Convention. This Court should deny the Petition filed by Petitioner on October 23, 2018, and rule that the minor child is rightfully residing in the United States.

## II.      EVIDENCE AND TESTIMONY

The evidence and testimony presented at trial show that Respondent has been actively involved in the minor child's life since his birth in 2012 (Respondent's Exhibit D). Respondent has supported his child through a joint bank account created for the care of the minor child and has been the sole care taker of the minor child since he was brought to the United States in 2017 (Resp. Ex. R). The relationship that Respondent has with the minor child is strong and the evidence and testimony show that Petitioner's true intent was to raise the minor child in the United States. Through her testimony, Petitioner has misled the Court by implying that the minor child

was wrongfully retained in violation of the Hague Convention and the ICARA. Petitioner has also

misled the court regarding her relationship with Respondent (Respondent's Exhibit D).

A. **The Petitioner has failed to show that the minor child has been wrongfully retained in the United States as Petitioner consented and acquiesced in the alleged wrongful retention of the minor child.**

As previously mentioned, under the Hague Convention, to secure the return of an abducted

child, a petitioner needs to establish by a preponderance of the evidence that "the child has been

'wrongfully removed' within the meaning of the agreement." *Wasniewski v. Grzelak-Johannsen*,

2007 U.S. Dist. Lexis 50953 (N.D. Ohio). A petitioner establishes a "wrongful" removal or

retention by showing that, "(i) the child 'habitually' resided in the petitioner's country of residence

at the time of removal; (ii) the child's removal breached the petitioner's custody rights under the

law of his home state; and, (iii) the petitioner enjoyed those rights at the time of the child's

removal." *See Miller v. Miller*, 240 F.3d 392, 398 (4th Cir. 2001) (*citing* Hague Convention, arts.

3, 4).

> Article 13 of the Hague Convention states that,
>
> Notwithstanding the provisions of the preceding Article, the judicial or administrative authority of the requested State is not bound to order the return of the child if the person, institution or other body which opposes its return establishes that – a) the person, institution or other body having the care of the person of the child was not actually exercising the custody rights at the time of removal or retention, or *had consented to or subsequently acquiesced in the removal or retention*; or  b) there is a grave risk that his or her return would expose the child to physical or psychological harm or otherwise place the child in an intolerable situation.
>
> *Convention of the Civil Aspects of International Child Abduction*, Article 13 (25Oct. 1980)

(*emphasis added*). The consent defense involves the petitioner's conduct prior to the contested

removal or retention, while acquiescence addresses whether the petitioner subsequently agreed to

or accepted the removal or retention." *Baxter v. Baxter*, 423 F.3d 363, 371 (3d Circ. 2005) (citing

*Gonzalez-Caballero v. Mena*, 251 F.3d 789, 794 (9th Cir. 2001).Through her actions Petitioner has consented to the alleged "wrongful retention" and has not proved by a preponderance of the evidence that the minor child has been wrongfully retained.

As testified to at trial, Petitioner voluntarily brought the minor child to the United States in February 2017, to be under the care of his father. Petitioner signed a notarized affidavit (Joint Exhibit 1) allowing the minor child to become a United States citizen and changed the Australian child support arrangement on her own (Respondent's Exhibit J). Further, Petitioner had traveled to the United States on two separate occasions without attempting to take the minor child back to Australia with her. If she really wished to take the minor child back to Australia, she could have done so on both occasions that she visited the United States and returned to Australia without the minor child. Petitioner has also acknowledged that she could not take care of the minor child (Respondent's Exhibit E, Page 5) while she attended job training for six (6) months. It was by her own decision that she let the minor child stay in the United States with his father. Further, Petitioner admitted that the minor child was to live in the United States "indefinitely" and agreed that Mr. Lee would be responsible for all expenses and care for the minor child while in the United States (Respondent's Exhibit K).

As outlined in Petitioner's Exhibit 37, both parties are afforded the right of parental responsibility absent the showing of a court order outlining otherwise. There is no court order in Australia limiting Respondent's ability to parent the minor child in the United States. However, there is a court ordered shared parenting plan that was voluntarily entered into by Petitioner (Resp. Ex. N). Since the minor child has been in the United States, Petitioner has not provided any financial care for the minor child, nor has she exercised her rights to visitation since the minor child has been residing in the United States. Petitioner claims that although she signed the Shared

Parenting Plan that was entered into through the Franklin County Common Pleas Court, Domestic Relations Division on July 18, 2017, that she did not enter into the Plan voluntarily. However, both Petitioner and Respondent were unrepresented and given the opportunity to seek legal counsel before entering into the agreement. (Resp. Ex. N). Further, Petitioner is a highly educated, and a competent individual who is capable of making well informed and educated decisions. As a Registered Nurse, she knew she was signing the Shared Parenting Plan and the effect it had on her rights as a parent. Further, the Shared Parenting Plan shows that the Respondent is the residential school placement parent of the minor child and is the sole provider for the minor child. Since entering into the Shared Parenting Plan, Petitioner has made no attempt to modify the plan or have the plan invalidated. Respondent is exercising his rights as they are written in the plan.

Petitioner's conduct and constant attitude of acquiescence show that she has consented to the minor child living in the United States with his father. In Respondent's Exhibit G, Petitioner states that the minor child is the "physical, legal, and parental custody of his father." (Resp. Ex. G, paragraph 4). Further, Petitioner voluntarily signed a notarized affidavit that states she does not object to the minor child obtaining U.S. citizenship, not just a permanent resident (Respondent's Ex. J1). This document shows that she intended for the minor child to live in the United States with his father. She consented when she stated, "Ok prepare what I need to prepare" and agreed to the minor child becoming a U.S. Citizen. (Petitioner's Exhibit 2, pg.4). Petitioner knew that the minor child obtaining U.S. Citizenship would be in the best interest of the child. However, she took a negative action against the minor child's best interest when she tried to put a hold on the application. However, she then admitted that the hold should be lifted because it was in the best interest of the minor child. In addition to authorizing the U.S. Citizenship application, Petitioner failed to have the minor child's Philippine's passport renewed prior to its expiration (Petitioner's

Exhibit 9). At the time Respondent burnt the Philippine's passport, it had already been expired due to Petitioner's failure to get it renewed. She chose to allow the passport to expire even when she was physically present in the United States from December 2017, until January 11, 2018, and had multiple opportunities to do so. Further, the minor child does not have a current Australian Visa and not considered to be a permanent resident. Returning him to Australia would be returning him to a place where he has no residency or citizenship status.

In addition to signing off on the minor child's application for United States Citizenship, the Petitioner's intent was to remain in the United States with Respondent and the minor child. Petitioner has taken the NCLEX nursing exam in the United States, as testified to by Petitioner herself, and both the Respondent and his father, Elmer Lee. Further, Petitioner has indicated to Respondent that she wished to live in the United States once he became stable or there was a job for her in the United States (Pet. Ex. 2, pg. 18). In addition, she referred to the parties being a family on Facebook, showing her intent to come to the United States and remain here (Resp. Ex. C). She agreed to enrolling the minor child in school and agreed that it was in the minor child's best interest to have him enrolled. Petitioner knew that Respondent wished to live in the United States and that it was his plan that they reside in the United States as a family. Dr. Lee's father testified as to the conversations he had with Petitioner regarding Respondent's intention to live in the United States.

These consistent acts and acknowledgements show that Petitioner consented and acquiesced in the alleged "wrongful retention." Petitioner has failed to show by a preponderance of the evidence that the minor child has been wrongfully retained in violation of the Hague Convention on the Civil Aspects of International Child Abduction, October 25, 1980, and the International Child Abduction Remedies Act.

**B.  The minor child is habitually residing in the United States as he has become acclimatized while under the care of Respondent.**

The evidence and testimony presented at trial show that the minor child has been habitually residing in the United States with his father since he was brought here in February of 2017. Petitioner wrongfully asserts that the minor child's habitual residence is in Australia and he should be returned.  As previously mentioned, the Sixth circuit has adopted an "acclimatization" standard to determine the habitual residence of a minor child. *Robert v. Tesson*, 507 F.3d 981 (6th Cir. 2007). The Courts regard "meaningful connections with people and places in a county, including academic activities, social engagements, and sports programs as evidence of acclimation." Further, the Court in *Tesson* stated, "geography and the passage of time may combine to establish a new habitual residence." *Id.*

Since being voluntarily brought to the United States in February of 2017, the minor child has been actively involved in his church family, school activities, and has created a meaningful relationship with his father and his father's family. At this point, the minor child has been living in the United States for two (2) years and two (2) months. This is longer than the time the minor child was living in Australia with his mother, as having only been in Australia for thirteen (13) months. As outlined in *Tesson*, the minor child's geography changed from Australia to the United States and more than two years of time has passed.  The record shows that the passage of time and the minor child's geography has made his habitual residence the United States. Further, the minor child can only have one habitual residence. He is habitually residing in the United States for purposes of the Hague Convention and to force him to return to Australia would be disrupting to his life.

At trial the Court heard from the minor child's aunts, teachers, principals, church friends, and family about all the activities the minor child has been involved in and all the experiences he

has had the opportunity to encounter since being in the United States. He has developed meaningful connections with his family and friends here in the United States. Respondent has taught the minor child to read, provided all financial support for the minor child, and has been responsible for his daily care. Respondent cooks, cleans, and transports the minor child to all his activities that he is involved in. The minor child has a strong family relationship with not only Respondent, but with Respondent's parents, his aunts, and his cousins. Due to Petitioner's frequent change of address and employment in Australia (as she testified to), the minor child was unable to form meaningful relationships with Petitioner's family as they all lived long distance to her. At the time the minor child was living in Australia, he was only three (3) years old. He was not old enough to form deep meaningful relationships and memories with the people and places in Australia. The minor child is now six (6) years old, and has developed to the age of cognition, he is able to form lasting memories about his surroundings and the people and family he has become close with over the last two (2) years.

At trial, the court heard testimony from the minor child's principal and his teacher, Mrs. Edge, who has taught the minor child since 2017. The minor is excelling in school; as his test scores are above the state average for children his age. Further, his teacher testified that he is on his way to being enrolled in a gifted academy due to his advanced abilities in math and reading. At school he has formed a relationship with not only his teacher, but with the other students and his friends in his class. He has had the opportunity to get to know the staff at the school and form relationships with them as well. The minor child did not attend school or have the opportunity to form relationships like these while he was in Australia.

In addition to being enrolled in school, the minor child has been actively involved with his church and basketball. The minor child has participated in two seasons of youth basketball through

the Barnett Recreational Center's Basketball League. Further, the minor child has participated in AWANA, where he has been attending regularly for two (2) years. He has made friends while attending church through Sunday school and church sponsored activities. He regularly attends church in addition to being involved in activities around the holidays and other religious celebrations. The minor child also attends events and celebrations held by friends he has met through the church. The other children that he attends church and Sunday school with have become his friends.

The minor child has a very close relationship with his cousins, his aunts, and his paternal grandparents. The family celebrates birthdays, holidays, and special occasions together. He regularly plays with his cousins, and they have become a significant part of his life. Further, they have gone on family vacations and trips together, as well as spent time at amusement parks, museums, and parks that are all located in Ohio. He has become familiar with the community and the places he attends regularly with his father and his father's family. He has become aware of the stores, restaurants, and places around him. Further, the minor child likes to live in the United States where he can be around his father and the rest of his family. As the court has mentioned, "what a kid does in a country and how they feel about it are just as important as the length of the stay." *Robert v. Tesson*, 507 F.3d 981, 996 (6th Cir. 2007). It is clear from the evidence and Respondent's Exhibits that the minor child has done a lot in the United States and he feels that he has become acclimatized to his life with his father.

These meaningful connections and activities show that the minor child has become acclimatized to the United States and he has been habitually residing here since February 2017. To remove the minor child from the location surroundings he is aware of and has become accustomed to does not comply with the purpose of the Hague Convention.

### III.    CONCLUSION

The evidence and testimony in this case show that the minor child has been habitually residing in the United States since Petitioner brought him here in February 2017. Based on the testimony of his teachers, his principal, and his family and church friends, Respondent has proved that the minor child has become acclimatized to his surroundings. All of the family events, church events, and extracurricular activities that the minor child is involved in shows that he is settled in his new environment. Respondent asserts that the evidence in this case shows Petitioner wrongfully asserts that the minor child is being wrongfully retained. Petitioner has consented and acquiesced to the minor child living in the United States under the care of his father.  Respondent respectfully asks that this court DENY Petitioner's claims that the minor child should be returned to Australia and DENY her petition.

Respectfully submitted,

/s/ Gregg R. Lewis
Gregg R. Lewis                    (0041229)
625 City Park Avenue
Columbus, Ohio 43206
Phone: (614) 221-3938
Fax: (614) 221-3713
Email: grl@grlfamilylaw.com
*Attorney for Respondent*

## OBJECTIONS

In order to preserve the record, Respondent, by and through his legal counsel, hereby formally objects to Petitioner's Table of Contents as it is no longer just a table of contents as language was added to influence the Court as to the contents of the actual exhibit.


Respectfully submitted,

/s/ Gregg R. Lewis
Gregg R. Lewis                              (0041229)
625 City Park Avenue
Columbus, Ohio 43206
Phone: (614) 221-3938
Fax: (614) 221-3713
Email: grl@grlfamilylaw.com
*Attorney for Respondent*

## CERTIFICATE OF SERVICE

I hereby certify that an accurate copy of Respondent's Post-Trial Brief was sent via

email/e-filing to Petitioner's Attorney:

GARY J. GOTTFRIED
608 Office Parkway, Ste: B
Westerville, Ohio 43082

this 17th day of April, 2019.

Respectfully submitted,

__/s/ Gregg R. Lewis_____
Gregg R. Lewis      (0041229)
625 City Park Avenue
Columbus, Ohio 43206
Phone: (614) 221-3938
Fax: (614) 221-3713
Email: grl@grlfamilylaw.com
*Attorney for Respondent*