IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF OHIO

EASTERN DIVISION

**GOLDI Y CAPALUNGAN**

    Petitioner

v.                                          Civil Action 2:18cv-1276
                                                Judge George C. Smith
                                                Magistrate Judge Kimberly A Jolson

**EMMANUEL R. LEE**

    Respondent

**PETITIONER'S OBJECTION TO THE REPORT AND RECCOMENDATION OF THE MAGISTRATE JUDGE DATED APRIL 26, 2019**

Now comes the Petitioner and through her Counsel and pursuant to 28 U.S.C Sec 636 (b)(1) submits the following objection to the Report and Recommendation of the Magistrate Judge filed with this Court on April 26, 2019.  Petitioner submits the following objections to the Magistrate Judge's report :

**OBJECTION NO:1**

The Magistrate Judge in her Report and Recommendation incorrectly found that at the time of the wrongful removal of the minor child that habitual residence of the minor child had changed from Australia to the United States.

**OBJECTION NO:2**

The Magistrate Judge in her Report and Recommendation applied the acclimatization standard to determine the child's habitual residence and should have applied the " shard parenting intent " standard to determine the child's habitual residence at the time of the wrongful removal.

Petitioner requests that this Court upon a de novo review of the evidence and the record in this matter find that the Magistrate Judge Committed error in granting the Petitioner's petition for the return of the minor child pursuant to the provisions of the Hague Convention on the Civil Aspects of International Child Abduction. Petitioner further requests that this Court issue an Order directing that the minor child be returned immediately to Australia which Petitioner submits is the child's country of habitual residence. The basis for the Petitioner's objection is more fully set forth in the attached memoranda of law.

                                  Respectfully submitted,

                                  Gary J. Gottfried Co LPA

                                _____
                                Gary J. Gottfried ( 0002916)
                                Attorney for Petitioner
                                608 Office Parkway Suite B
                                Westerville, Ohio 43082
                                614-297-1211
                                Gary@Gottfriedlaw.com

## MEMORANDA OF LAW IN SUPPORT OF PETITIONER'S OBJECTIONS

Petitioner submits the following objections to the Magistrate Judge's report :

**OBJECTION NO:1**

The Magistrate Judge in her Report and Recommendation incorrectly found that at the time of the wrongful removal of the minor child that habitual residence of the minor child had changed from Australia to the United States.

**ARGUMENT:**

The Petitioner does not dispute the factual findings made by the Magistrate Judge in the matter. The Magistrate Judge found that the in February 2017 the Parties had an agreement wherein the child would reside temporarily with the Respondent in order to allow the Petitioner to complete nursing training in Australia.  The Magistrate Judge found that prior to traveling to the United States in February 2017 Australia was the minor child's country of habitual residence as that terms is defined by the Hague Convention on the Civil Aspects of International Child Abduction ( See page 15 of the Magistrate's Report and Recommendation.

The Magistrate Judge further found in her report and recommendation, that the Petitioner and the Respondent had an agreement to return the minor child ( EZL) to Australia and that the Respondent had failed to comply with that agreement  ( see page 3 of the report and recommendation). ).  In finding that the parties had an agreement to return the child to Australia the Magistrate Judge characterized the Respondent as being "consistently evasive and less than candid when testifying about the parties agreement to return EZL to Australia" ( see page 3 of the Magistrate's Report and Recommendation) and that the " objective evidence generally supports Petitioner's account of the parties agreement" ( see page 5 of the Magistrate Judge's Report and Recommendation).

The agreement to return the minor child according to the report and recommendation of the Magistrate Judge was first to be when the Petitioner was to be within 6 months when the Petitioner completed her training as a nurse ( See page 5 of the Magistrate's Report and Recommendation). This return date was later extended to when the minor child received his permanent residence which was later extended to when the minor child became a citizen a condition which the Respondent "unilaterally imposed". (See page 6 of the Magistrate's Recommendation and Report). Upon the child obtaining U.S citizen the Respondent did not return the minor child to Australia. The Magistrate Judge further found that a wrongful retention of the child occurred in December 2017 when the Petitioner traveled to the United States to pick up the minor child and return to Australia but the Respondent would not permit the minor child to return with Petitioner to Australia. ( see page 12 of the Magistrate's Report and Recommendation).

It is the position of the Petitioner that the Magistrate Judge committed error when the Magistrate Judge found that despite the party's agreement to return the minor child to Australia that in December 2017 the United States had become the child 's country of habitual residence. In commenting upon the circumstances of this case and the Respondent's refusal to allow the minor child to return to Australia the Magistrate Judge stated the following:

" By refusing to return EZL to Australia consistent with the parties agreement, Respondent has manufactured a favorable status quo that he will undoubtedly rely on in any future custody proceedings between the parties. But that status quo is contrary to the parties' shared intent, which the acclimatization standard does not permit courts to consider in resolving the habitual residence question in cases like the one before the Court here. Rather than incentivizing behavior consistent with the purposes of the Convention, the application

of that standard here appears to reward the Respondent for conduct that undermines the Convention's mission. ( See page 15 of the Magistrate Judge's decision).

Petitioner submits that the conduct of the Respondent in not adhering to the Parties agreement to return the minor child to Australia upon the occurrence of the agreed event ( i.e completion of the Petitioner's nursing training or the child obtaining citizen) prevents the Court from finding that child's habitual residence changed from Australia to the United States. Several Courts in addressing circumstances similar to the facts of this case have concluded that a parent can not create a new habitual residence by the wrongful removal and sequestering of the child. See Kijowska v Haines, 463, F.3d 583 ( 7th Cir 2006) and Garcia v Pinelo 125 F.Supp 3rd 794 ( N.D Illn. 2015). Petitioner would suggest to this Court that whether there is a wrongful removal as was the case in Kijowska or a wrongful retention as is the case before this court that a party ( i.e the Respondent) can not create a new habitual residence where the creation of the new habitual residence is founded upon the irresponsible conduct of one party. See also Rodrigues v Sieler No. CV 120167-M-DLC, ( D. Mont, Nov 7, 2012) where the District Court in sustaining the petition for the return of the children to Mexico stated that a core principal of the Hague convention was "to prevent an abducting parent from benefitting from his actions, a child who has been wrongfully removed or retained must be returned to the country of its habitual residence for custody proceedings. See also In Re B.Del C.S.B 559 F.3d 999 ( 9th Cir. 2009) wherein the Court in ordering the return of children wrongfully retained stated  the Convention's "desire to guarantee the re-establishment of the status quo disturbed by the actions of the abductor,"

The Magistrate also committed error when the Magistrate disregarded the fact that the agreement of the parties only created a " temporary " stay in the United States and there was no intent to create a new habitual residence. The evidence in this case established that the agreement

5

of the parties was that the child's stay in the United States was temporary in nature and that the child was going to be returned to Australia ( See page 5 and 6 of the Magistrate Judge's Report and Recommendation). The agreement between the Petitioner and the Respondent was that minor child would only reside in the United States until the Petitioner completed her nursing training. That training was to be completed in August 2017.  Thereafter the minor child was to be returned to Australia.  The child's stay was extended by agreement until the minor child became a permanent resident. The minor child became a permanent resident on January 2018. Whether the minor child was to be returned in August 2017 (when the Petitioner completed her training)  or when the minor child received his permanent residency status the evidence and testimony was that the child's stay in the United States was temporary.

The Court's attention is also directed to a recent decision issued by the 11th Circuit Court of Appeals. In the case of **Palencia v Perez** Case No. 18-14122 ( April 30, 2019) the 11th Circuit Court of Appeals ordered the return of a child to Guatemala  even though the child had been in the United States for approximately 16 months from the date of the child's wrongful retention in the United States. In Palencia the Father and the Mother although not married had a minor child and the parents and child lived in Guatemala. In October 2016  Mother told the Father that she and the parties minor child were going to visit her family in Mexico.  Father consented to the visit. However, instead of going to Mexico the Mother took the child and went to the United States where she sought asylum. Mother then informed the Father that she and the child would return to Guatemala when the child obtained a U.S passport. Father consented to the child staying in the United States until the child obtained a U.S passport.  The child obtained a U.S passport in July 2017 but the Mother did not return with the child. Father/Petitioner in October 2018 filed a petition under the Hague Convention for the return of the minor child alleging that the Mother/Respondent

had wrongfully retained the child. The District Court granted the petition and ordered the return of the child. The Mother/Respondent appealed that decision to the 11th Circuit Court of Appeals. The Court of Appeals for the 11th Circuit affirmed the District Court's decision.

Petitioner submits that the facts in the Palencia case are very similar to the facts of the present case. In both cases, the Petitioner agreed to allow the child to remain in the United States for the purpose of obtaining a US passport. In both cases the Respondent agreed to return the child to the child's country of habitual residence once the passport had been issued. In both cases, the Respondent refused to return the child to the child's country of habitual residence once the passport had been issued. In both cases the petition for the return of the child occurred after the child had been in the United States for a significant period of time. In Palencia the child had been in the United States for approximately 16 months when the petition for the return of the child was filed. In the present case the child had been in the United States for approximately 20 months ( February 2017 to October 23, 2018) when the petition for the return of the child was filed. In both cases, the court found that the wrongful retention occurred when the Respondent refused to return the child after the child had acquired a United States Passport. In the Palencia case the child obtained a US Passport after being in this country for approximately 10 months. In the present case the child had been in the United States approximately 12 months when the child was issued a US passport.

Petitioner submits that the decision reached by the District Court in Palencia is the correct application of the Hague Convention to facts very similar to the facts as presented by this case. The Petitioner would request that the Court adopt the decision reached by the District Court and the Court of Appeals in and order the return of the child to Australia.

Several other courts have addressed the issue of whether the temporary stay of a child can change the child's habitual residence. For example in the case of **Flynn v Borders** 472 F. Supp.2d.

7

910( E.D Ky 2007) the District Court found that the child's summer visits ( although regular) were temporary and thus the child's habitual residence had not changed from Ireland to the United States.  In another case similar to the case before this Court the District Court in Illinois in addressing the issue of a temporary stay in the United States held that " where **** children already have a well- established habitual residence, simple consent to their presence in another forum in is not usually sufficient to shift it there.". Garcia v Pinelo, 125 F. Supp, 3d 794.  ( N.D. Ill 2015).   In Garcia the parents had an agreement that the child would reside with Father in Chicago for the 'school year". At the conclusion of the school year Father refused to return the child to Mexico.  Notwithstanding the fact that the child " adapted to life in the United States " and improved in school, made friends, built family relationships and joined clubs, the court in Garcia, ordered the return of the child to Mexico. The undisputed facts in this case are similar to the facts in Garcia v Pinelo. Even though the minor child had been in the United States for a period of time before his wrongful retention the agreement between the Petitioner and the Respondent was that the minor child's  stay in the United States was temporary in nature and he was to be returned to Australia.  Finally, this Court's attention is directed to the Djeric v Djeric Case No 2:18-CV-1780 a decision issued by Judge Sargus wherein the Court ordered the return of a minor child even though the child had been in this country for approximately 10 months, had attended school, played sports and had close family ties with the Respondent and his family who lived in Columbus Ohio.

**OBJECTION NO:2**

>The Magistrate Judge in her Report and Recommendation applied the acclimatization standard to determine the child's habitual residence and should have applied the " shared parenting intent " standard to determine the child's habitual residence at the time of the wrongful removal.

8

**ARGUMENT:**

The Magistrate Judge in her decision recognized that in determining a child's habitual residence that the Sixth Circuit applies one of two standards depending on the facts of the case. According to the Magistrate Judge in determining the habitual residence of a child " the primary approach looks to the place in which the child becomes acclimatized". … The second approach, a back up inquiry for children too young or too disabled to become acclimatized, looks to " shared parenting intent". (See Magistrate's decision page 10 and 11). While the Petitioner does not dispute that there are two standards to determine a child's habitual residence ( acclimatization and shared parental intent) Petitioner does not agree that only the acclimatization standard is to be applied to the facts of this case.

In reviewing the Magistrate's Judge's report and recommendation it would appear that the Magistrate Judge believed that the " shared parental intent "standard was not applicable to this case because at the time of the wrongful removal the minor child was five years old. Petitioner would submit that while the " shared parental intent" standard was established to address the determination of habitual residence in cases of young children or developmentally delayed children there is nothing the decision adopting the " shared parental intent " standard which prohibits a court from applying the shared parental intent standard to determine the habitual residence of a child. In the case of Ahmed v Ahmed 867 F.3rd 682 the Sixth Circuit Court of Appeals expressed it's preference for the acclimatization standard but also recognized that there is a need to employ the shared parental intent approach to determine a child's habitual residence rather than relying on technical rules, we examine " the facts and circumstances of each case." In adopting the " shared parental intent " standard to cases involving young children, the Sixth Circuit did not as the Magistrate Judge found limit the use of the shared parenting intent " standard to

children of young ages. The Court in Ahmed in leaving open whether a court should employ the " acclimatization " standard or the " shared parental intent" standard stated:

> For these reasons, it is appropriate to consider the shared parental intent of the parties in cases involving especially young children who lack the cognizance to acclimate to any residence. This is not a bright- line rule, and the determination of when the acclimatization standard is impactable must largely be made by the lower courts, which are best positioned to discern the unique facts and circumstances of each case.

The evidence as developed in this case clearly indicates that the intent of the parties was that the child would be returned to Australia. Had the Magistrate Judge applied the "parental intent standard " rather than the acclimatization standard the Magistrate Judge would have found that the child's habitual residence always remained Australia. To adopt the acclimatization standard and thus find that at the time of the wrongful removal that the child's habitual residence is the United States and not Australia frustrates the purpose of the Hague Convention on the Civil Aspects of International Child Abduction and rewards the Respondent for his conduct. In denying the Portioner's request for the return of the minor child it would appear from the statements in the Magistrate's decision that the Magistrate felt that applying the " shared parental intent" standard would have produced a more equitable and just decision. In denying the Petitioner's request for the return of the minor child to Australia the Magistrate Judge stated the following:

> … The Respondent has manufactured a favorable status quo that he will undoubtedly rely on in any future custody proceedings between the parties. But that status quo is contrary to the parties' shared intent, which the acclimatization standard does not permit courts to consider in resolving the habitual residence question in cases like the one before the Court here. Rather than incentivizing

10

behavior consistent with the purposes of the Convention, the application of that standard here appears to reward the Respondent for conduct that undermines the Convention's mission. ( See page 15 of the Magistrate Judge's decision).

A reasonable interpretation of the Magistrate Judge's decision as quoted above would seem to support a conclusion that the Magistrate Judge recognized that inequity of her decision and the fact that if allowed to use the " shared parental intent" standard that a different outcome would have been obtained. Petitioner would submit that the Magistrate Judge committed error by not applying the "shared parental intent standard " to the facts of this case. Nothing in the Ahmed case would indicate that the " shared parental intent" standard only applies in the case of young children or developmentally delayed children. Nor is there any indication in Ahmed that the shared parental intent standard should not apply to a child who like the child in this case is five years old There is no " bright -line rule " which requires that the acclimatization test always be applied in cases where the children are not of a young age. By applying the" shared parental intent " standard d to the facts of this case inequity recognized by the Magistrate Judge in her decision would have been avoided and a different outcome would have been obtained.

## **CONCLUSION:**

For the reasons set forth in this objection the Petitioner requests that the Court find upon review of the Magistrate's Judge's decision of April 22, 2019 find that the Magistrate Judge committed error in denying the Petitioner's petition for the return of the minor child pursuant to the provisions of the Hague Convention on the Civil Aspects of Child Abduction.

Respectfully submitted,

Gary J. Gottfried Co LPA

_____

Gary J. Gottfried ( 0002916)
Attorney for Petitioner
608 Office Parkway Suite B
Westerville, Ohio 43082
614-297-1211
Gary@Gottfriedlaw.com

## CERTIFICATE OF SERVICE

I certify that a copy of the Petitioner's objection to the Report and Recommendation of the Magistrate Judge was served upon Gregory Lewis Counsel for the Respondent by way of the Court's electronic filing system this  7th  day of May 2019.

_____
Gary J. Gottfried ( 0002916)
Attorney for Petitioner