**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION**

| | | |
|---|---|---|
| **Goldi Y. Capalungan** | : | **Civil Action: 2:18-cv-1276** |
| **Petitioner,** | : | **Judge: George C. Smith** |
| **vs.** | : | **Magistrate: Kimberly A. Jolson** |
| **Emmanuel R. Lee,** | : | |
| **Respondent.** | : | |

**RESPONDENT'S MEMORANDUM CONTRA TO PETITIONER'S OBJECTIONS TO THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE DATED APRIL 26, 2019**

Now comes the Respondent, by and through his legal counsel, and submits this Memorandum Contra to Petitioner's Objection to the Report and Recommendation of the Magistrate Jude Dated April 26, 2019. Respondent requests that this Court find that the Magistrate Judge did not commit an error in denying the Petitioner's petition for the return of the minor child pursuant to the Hague Convention on the Civil Aspects of International Child Abduction (the "Convention"). In addition, Respondent asks that this Court deny Petitioner's request for an order directing that the minor child should be returned to Australia. Further, Respondent asks that this Court accept the Magistrate Judge's Report and Recommendation and allow the minor child to remain at his habitual residence in the United States. The basis for Respondent's Memorandum Contra is more fully set forth in the attached Memorandum in Support.

Respectfully submitted,

/s/ Gregg R. Lewis
Gregg R. Lewis 0041229
625 City Park Avenue
Columbus, Ohio 43206
Phone: (614) 221-3938
Fax: (614) 221-3713
Email: grl@grlfamilylaw.com
*Attorney for Respondent*

## MEMORANDUM IN SUPPORT

Petitioner has submitted the following two (2) objections to the Magistrate Judge's Recommendation and Report:

> Objection No. 1 – The Magistrate Judge in her Report and Recommendation incorrectly found that at the time of the wrongful removal of the minor child that habitual residence of the minor child had changed from Australia to the United States.
>
> Objection No. 2 – The Magistrate Judge in her Report and Recommendation applied the acclimatization standard to determine the child's habitual residence and should have applied the "shared parenting intent" standard to determine the habitual residence at the time of the wrongful retention.

Respondent submits that the Magistrate Judge did not error when she found that the minor child was habitually residing in the United States with his father. Further, Respondent submits that the Magistrate Judge correctly applied the acclimatization standard when determining the minor child's habitual residence. Sixth Circuit precedent supports the determination that the minor child's habitual residence is the United States and it supports that the correct standard to apply based on the facts of this case is the acclimatization standard.

### I. Argument to Objection 1

Petitioner wrongfully asserts that the Magistrate Judge incorrectly determined that the United States has become the minor child's habitual residence. In her Report and Recommendation, the Magistrate Judge outlined the five principals used to determine what is considered to be the habitual residence of a minor child. (*See* pg. 10 of the Report and Recommendation). As she noted the court in *Robert v. Tesson*, stated that the analysis is guided by the following five principals:

- First, habitual residence should not be determined through the technical rules governing legal residence or common law domicile. Instead, courts should look closely at the facts and circumstances of each case.

- Second, because the Hague Convention is concerned with the habitual residence of the child, the court should consider only the child's experience in determining habitual residence.
- Third, this inquiry should focus exclusively on the child's past experiences. Any future plans that the parents may have are irrelevant to our inquiry.
- Fourth, a person can have only one habitual residence.
- Finally, a child's habitual residence is not determined by the nationality of the child's primary care-giver. Only a change in geography and the passage of time may combine to establish a new habitual residence.

*Robert v. Tesson*, 507 F.3d 981, 989 (6th Cir. 2007). In addition, the Magistrate Judge followed Sixth Circuit precedent when determining that the minor child's habitual residence had changed from Australia to the United States. As outlined in her decision, she states:

> In the case of a wrongful retention, the time begins to run either (1) from the date the child remains with the abducting parent despite the clearly communicated desire of the left-behind parent to have the child returned, or (2) when the acts of the abducting parent are so unequivocal that the left-behind parent knows or should know, that the child will not be returned. *Diagne v. Demartino*, No. 2:18-CV-11793, 2018 WL 3485659, at *11 (E.D. Mich. Sept. 14, 2018) (internal citations omitted); *see also Djeric v. Djeric*. No. 2:18-CV-1780, 2019 WL 1046893, at *3 (S.D. Ohio Mar. 5, 2019) (holding that, when determining the date of the alleged wrongful retention began, "courts looks to the last date upon which it is undisputed that the child was in the new county with both parents' consent. Specifically, courts look to the date when the non-abducting parent was truly on notice that that abducting parent was not going to return the child."

(*See* pg. 11-12 of the Report and Recommendation).

The evidence in this case clearly shows that the minor child had been habitually residing in the United States at the time of the wrongful retention. As noted in her Report and Recommendation, the Magistrate Judge found that the date of the wrongful retention occurred in December 2017, or at the latest in January of 2018, after Petitioner returned to Australia without the minor child. Here, since being brought here in February of 2017 and left here by his mother in December 2017, the habitual residence of the minor child changed from Australia to the United

States. The Petitioner did not file her Petition until October of 2018, allowing enough time for the habitual residence to change from Australia to the United States.

The evidence in this case shows that the minor had become acclimatized to the United States while under the care of his father. The Magistrate Judge outlines that from the minor child's perspective, the United States was his habitual residence as of December 2017. (*See* pg. 14 of the Report and Recommendation). In addition, she concludes that the ten (10) months (February 2017 to December 2017) that the minor child has been living in the United States is more than enough time for his habitual residence to change. Based on the testimony and evidence Petitioner did not prove by a preponderance of the evidence that Australia was still the habitual residence of the minor child. The Magistrate Judge concludes that "for every piece of evidence that suggests Australia was EZL's habitual residence in February 2017, a similar, if not identical, piece of evidence supports the conclusion that the United States was EZL's habitual residence in late December 2017." (*See* pg. 14 of the Report and Recommendation). Since the minor child's habitual residence is determined at the time of the wrongful retention or removal, and the alleged wrongful retention occurred in December 2017, the minor child was habitually residing in the United States.

In her Objections, Petitioner cites to a series of cases that have no relevance to how the Court should decide this case, nor are they binding precedent. She points to cases out of the Eleventh Circuit and the Seventh Circuit that are not controlling precedent to be applied in the Sixth Circuit. The Magistrate Judge clearly outlined and correctly applied Sixth Circuit precedent throughout her Report and Recommendation when deciding that the habitual residence had changed from Australia to the United States. The Sixth Circuit case that Petitioner points to is *Flynn v. Borden* to support her first objection that the minor child's habitual residence is not the

United States is irrelevant. The facts of that case are very different from the facts of this case; as the visits the respondent had with the minor child were temporary. Respondent's time with the minor child is, and has been, more than temporary. Further, Petitioner claims that the facts of *Palencia v. Perez* are similar to the facts of this case. However, in addition to being non-binding precedent, the case was decided on that fact that the mother in that case made affirmative representations to return the child and then never did. Respondent never made any affirmative representations to return the minor child to Petitioner, and it was never his intent that the minor child should live in Australia. This case is very different than *Palencia v. Perez.* The minor child was brought voluntarily by the Petitioner, she signed for all legal documentation as to the care of the child, she signed an affidavit, signed a shared parenting plan, and changed the Australian Child Support and Australian Child care arrangements to Respondent's name.

Therefore, Respondent asks that this court deny Petitioner's first objections and adopt and affirm the Report and Recommendation made by the Magistrate Judge.

## II. <u>Argument to Objection 2</u>

Petitioner wrongfully asserts that the Magistrate Judge should have applied the "shared parental intent" standard when determining the minor child's habitual residence. The Sixth Circuit has routinely applied the acclimatization standard and the "shared parenting intent" standard is not applicable to this case due to the age of the minor child.

The Magistrate Judge did not error when she applied the acclimatization standard when determining the habitual residence of the minor child. In her Report and Recommendation, the Magistrate Judge states that the "shared parental intent" standard is a back-up inquiry for children too young or too disabled to become acclimatized. (*See* pg. 11 of the Report and Recommendation).

In her Objections, Petitioner even acknowledges that the "shared parental intent" standard is a back-up and is left up to the "lower courts, who are best positioned to discern the unique facts of the case" when deciding on which standard to use. (*See* Petitioner's Objection's pg. 10). Further, the Magistrate Judge expressly outlines that the court, as stated in *Taglieri v. Monasky*, generally applies the acclimatization standard and only uses the "shared parental intent" standard when the "child is two years old or younger at the time of the wrongful removal or retention." *Taglieri v. Monasky*, 907 F.3d 404, 408 (6th Cir. 2018). The Magistrate Judge outlines multiple cases in which the acclimatization standard for children as young as three years old was applied. (*See* pg. 13 of the Report and Recommendation). In addition, the acclimatization standard had been applied for six-year old twins, who were close in age to EZL at the time of the alleged wrongful retention. (*See* pg. 13 of the Report and Recommendation). It was based on these cases and "guideposts" that she determined she is "compelled to conclude that the acclimatization standard governs the habitual residence analysis." (*See* pg. 13 of the Report and Recommendation).

The Magistrate Judge expressly states that: "Under Sixth Circuit precedent, EZL had acclimatized to the United States by the time of the alleged wrongful retention in late December 2017. Consequently, the Hague Convention cannot afford Petitioner relief here." (*See* pg. 15 of the Report and Recommendation). She correctly concludes that the shared parental intent of the parties cannot be considered when determining the habitual residence of a minor child when applying the acclimatization standard. (*See* pg. 15 of the Report and Recommendation).

The Magistrate Judge heard the testimony of multiple witnesses, reviewed the evidence submitted at trial, and reviewed both pretrial motions and post trials motions all on the same matter. It was clear through the testimony, evidence, and case law that the Magistrate Judge correctly determined that the correct standard to apply was the acclimatization standard. It was by no error

that the Magistrate Judge came to this conclusion after conducting the trial, hearing from witnesses, and reviewing the evidence. The case law outlined in her Report and Recommendation is controlling, binding, and the correct standard in which this court should use to determine the habitual residence of the minor child.

Further, prior to Petitioner's objections being filed, at no point did she argue that the Sixth Circuit should apply the "shared parental intent" standard for determining the habitual residence of a minor child. In her Memorandum Contra to Respondent's Motion for Summary Judgment, and other documents filed and reviewed by the Magistrate Judge, she expressly relies on *Taglieri v. Monasky* and *Ahmed v. Ahmed* to show that the acclimatization standard is used to determine habitual residence. It has not been until her objections that she believes the Court should apply this incorrect standard because the Report and Recommendation was not in her favor. There is no inequity in the Report and Recommendation, as Petitioner falsely believes, because the Magistrate Judge used the correct standard and applied Sixth Circuit precedent to the facts of this case. She made an express determination that although this is a difficult case, the minor child should remain in the United States as he had become acclimatized to his surroundings.

In the event the Court wishes to apply the shared parental intent standard, the Respondent believes that the outcome of this case would be the same. It was the intent of the parties at the beginning of their relationship and after the birth of the minor child that they all were to end up living in the United States. The facts indicate that the real intent of the parties was for them to be a family in the United States. Petitioner allowed the minor child to obtain U.S. Citizenship, changed the Australian child support arrangements, and entered into a shared parenting plan with Respondent, all while the minor child was living in the United States with his father. All of these things indicate that the shared parental intent was that the minor child live in the United States

with both his mother and his father. Petitioner's intent differed from Respondent's and therefore there can be no "shared" parental intent.

Petitioner's second objection should be overruled and the Respondent asks that this Court adopt and affirm the conclusions and decision outlined in the Report and Recommendation filed by the Magistrate Judge.

## III. Conclusion

The Magistrate Judge correctly used the acclimatization standard to determine that the minor child has been habitually residing in the United States with his father since February 2017. Respondent requests that this Court find that the Magistrate Judge did not commit an error in denying the Petitioner's petition for the return of the minor child pursuant to the Hague Convention on the Civil Aspects of International Child Abduction (the "Convention"). In addition, Respondent asks that this Court deny Petitioner's request for an order directing that the minor child should be returned to Australia. Further, Respondent asks that this Court accept the Magistrate Judge's Report and Recommendation and allow the minor child to remain at his habitual residence in the United States.

Respectfully submitted,

/s/ Gregg R. Lewis
Gregg R. Lewis 0041229
625 City Park Avenue
Columbus, Ohio 43206
Phone: (614) 221-3938
Fax: (614) 221-3713
Email: grl@grlfamilylaw.com
*Attorney for Respondent*

**CERTIFICATE OF SERVICE**

I hereby certify that an accurate copy of Respondent's Memorandum Contra to Petitioner's Objections to the Report and Recommendation of the Magistrate Judge Dated April 26, 2019, was sent via email/e-filing to Petitioner's Attorney:

Gary J. Gottfried
608 Office Parkway, Ste. B
Westerville, Ohio 43082
Gary@Gottfriedlaw.com

on this 10th day of May 2019.

Respectfully submitted,

/s/ Gregg R. Lewis

Gregg R. Lewis 0041229
625 City Park Avenue
Columbus, Ohio 43206
Phone: (614) 221-3938
Fax: (614) 221-3713
Email: grl@grlfamilylaw.com
*Attorney for Respondent*