## IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| Goldi Y. Capalungan | : | Civil Action: 2:18-cv-1276 |
| Petitioner, | : | Judge: George C. Smith |
| vs. | : | Magistrate: Kimberly A. Jolson |
| Emmanuel R. Lee, | : | |
| Respondent. | : | |

---

### REPONDENT'S RESPONSE TO PETITIONER'S REPLY TO RESPONDENT'S MEMORANDUM CONTRA AND PETITIONER'S SUBMISSION OF SUPPLEMENTAL AUTHORITY

Now comes the Respondent, by and through his legal counsel, and submits this Response to Petitioner's Reply to Respondent's Memorandum Contra and Petitioner's Submission of Supplemental Authority. Respondent requests that this Court find that the Magistrate Judge did not commit an error in denying the Petitioner's petition for the return of the minor child pursuant to the Hague Convention on the Civil Aspects of International Child Abduction (the "Convention"). Respondent asks that this Court adopt the Magistrate Judge's Report and Recommendation dated April 26, 2019. The basis for Respondent's Reply is more fully set forth in the attached Memorandum in Support.

Respectfully submitted,

/s/ Gregg R. Lewis
Gregg R. Lewis                    (0041229)
625 City Park Avenue
Columbus, Ohio 43206
Phone: (614) 221-3938
Fax: (614) 221-3713
Email: grl@grlfamilylaw.com
*Attorney for Respondent*

<u>**MEMORANDUM IN SUPPORT**</u>

Respondent respectfully asks that this court hold that the Magistrate Judge did not error when she determined that the minor child has been habitually residing in the United States with his father since the alleged wrongful detention in December 2017. In addition, the Magistrate Judge did not error when she applied the acclimatization standard when determining the habitual residence of the minor child.

**I.     Response to Objection 1**

Respondent submits that he has not misstated the facts in this case as Petitioner claims. Respondent is aware the alleged wrongful retention in this case started in December 2017 after Petitioner voluntarily left without the minor child to return to Australia. In addition, Respondent submits that whether the court was to examine the time from February 2017 to December 2017, or the time frame from December 2017 to the date the petition was filed, the court would still come to the same conclusion that that minor child is habitually residing in the United States. She did not error when reaching this conclusion.

In her Report and Recommendation, the Magistrate Judge outlines that "the date of the wrongful retention is important because it 'is used to fix the time period available for assessing what country is properly the child's habitual residence.'" (*See* Report and Recommendation pg. 12 (internal citations omitted)). She further went stated that "'[O]ur court's precedent instructs courts to look back in time from the period of wrongful retention, not forward." (*See* Report and Recommendation pg. 12 (internal citations omitted)).  Here, even looking "back in time" the Magistrate Judge was not wrong when she concluded that the minor child was habitually residing in the United States. He had already formed an extremely close relationship with his Aunts, his paternal grandfather, and his cousins especially his eight year old cousin Matthew who is like a

brother to him. He had been attending church, bible school, and had been enrolled in school where he formed relationships with his teachers and the other students. He had been to parks, birthday parties, and had already celebrated holidays with his father and Respondent's family. The minor child had spent more time in the United States prior to the alleged wrongful retention than he did while he was in Australia. If he could be habitually residing in Australia for eight (8) months, the minor child was without a doubt habitually residing in the United States for the ten (10) months prior to the alleged wrongful retention.

Once again, Petitioner relies on the authority and precedent set forth in other Circuits. In *Garcia v. Pinelo*, the Seventh Circuit Court applies a different standard. *Garcia v. Pinelo*, 125 F. Supp. 3d 794 (7th Cir. 2015). They *first* apply the shared parental intent standard and then look to whether the child is acclimatized to the new location. *Id.* at 802 (*emphasis added*). Further, the court went on to state that "even if there was no mutual parental consent to abandon the prior habitual residence, a child's habitual residence can change if he becomes sufficiently acclimatized to the United States." *Id.* at 803. If Petitioner wishes to reply on this precedent, the same court went on to say "where the parent's initial removal of the child was not wrongful, the Court can give weight to the duration of the child's residence in the United States." *Id.* Here, the court did not rule the minor child was to be returned due to him not being adapted to his environment. *Id.* The court ruled that he should have been returned because the child wanted to move back to Mexico. *Id.* at 804. Those facts are different than the ones of this case. The minor child, through his eyes and perspective, is well adapted. EZL has a much longer and closer relationship with the people and places in the United States and believes that the United States is his permanent home.

Petitioner claims that the facts of *Palencia v. Perez* are similar to this case. However, she fails to provide the court with the facts that distinguish it from this case. In *Palencia v. Perez* it

was the mother who wrongfully retained the kids after she took the kids from their habitually residence. In this case, Petitioner *voluntarily* brought the minor child to the United States to be under the care of his father. Petitioner is the one who consented to the minor child being in the United States and was the one who brought him here. In addition, the petitioner in the *Perez* case was unaware of many of the steps the respondent took in order to wrongfully obtain the minor child. The respondent in that case took the minor child to another country without notifying the petitioner, applied for asylum without the petitioner's knowledge, and did not tell the petitioner of this until after his Hague petition was filed. This case and facts are very different than the facts in *Palencia v. Perez.* Petitioner acknowledged that the minor child was to remain in the United States "indefinitely" when she filed for a change in child care arrangements in Australia; and agreed that it was in the best interests of the minor child that he was enrolled in school in the United States. Further, she voluntarily entered into a Shared Parenting Plan with Respondent and had the opportunity to take the minor child back to Australia in January 2018 when she went back to Australia.

Based on these arguments, the Respondent asks this court to adopt the Magistrate Judge's Report and Recommendation and deny Petitioner's first objection.

## II.    Response to Objection 2

As previously mentioned, Respondent submits that Petitioner has failed to place emphasis on Sixth Circuit precedent that is controlling in this case. The Magistrate Judge correctly applied the acclimatization standard and determined that the minor child was habitually residing in the United States.

In *Ahmed v. Ahmed*, the court said that it is "appropriate to consider the shared parental intent of the parties in cases involving especially young children who lack the cognizance to

acclimate to any residence." *Ahmed v. Ahmed*, 867 F.3d 682, 689 (6th Cir. 2017). It further went on to state that " . . . the determination of when the acclimatization is impracticable must largely be made by the lower courts, which are best positioned to discern the unique facts and circumstances of each case." *Id.* In addition, the Court has routinely held that the Sixth Circuit has applied the shared parental intent standard to "infants," "young children," and children "too disabled to become acclimatized" *Taglieri v. Monasky*, 907 F.3d 404, 407–08 (6th Cir. 2018).

In her Report and Recommendation, the Magistrate Judge outlines a series of cases detailing the use of the shared parental intent. (*See* Report and Recommendation pg. 12–13). At the time Petitioner filed her petition the minor child was five (5) years old. He is not an infant, too young, nor disabled by any means. To apply the shared parental intent standard would be deviating from the precedent set forth in the Sixth Circuit. He was a five (5) year old child who was aware of his surroundings and has established a habitual residence in the United States.

The Magistrate Judge found that the "central question in this case is therefore whether in late December 2017, EZL has been physically present in the United States for an amount of time sufficient for acclimatization and whether the United States has a degree of settled purpose from his perspective." (*See* Report and Recommendation pg. 13). The Courts regard "meaningful connections with people and places in a county, including academic activities, social engagements, and sports programs as evidence of acclimation." *Robert v. Tesson*, 507 F.3d 981, 996 (6th Cir. 2007). What a kid does in a country is and how they feel about it are just as important as the length of the stay in that country." *Id.*

Since being in the United States, the Magistrate Judge correctly found that the minor child has been habitually residing in the United States. The minor child has formed a close relationship with his cousins (like a brother). (*See* Report and Recommendation pg. 6). He has also formed a

close relationship with his Aunts, Respondent's sisters. He has attended school, church, and participated in a youth basketball league. *See* Report and Recommendation pg. 6). The minor child has regularly been attending bible school with the Respondent. *See* Report and Recommendation pg. 6). Further, he has gone to movies, amusement parks, the zoo, and museums as well as performing activities of daily living all while living in the United States with his father. *See* Report and Recommendation pg. 6).

By going through the controlling Sixth Circuit precedent and conducting a thorough analysis of case law, the testimony, and the evidence submitted at trial, the Magistrate Judge did not error when she used the acclimatization standard. Respondent asks that this Court adopt the Magistrate Judge's Report and Recommendation and deny Petitioner's second objection and deny her petition.

## III.    Response to Supplemental Authority

Respondent submits that the Magistrate Judge has found that there was a wrongful retention of the minor child starting in December 2017. If this court were to adopt this finding, Respondent is aware that the well-settled defense would not apply in this case as Petitioner filed her action in October 2018, sooner than one (1) year from the date of the alleged wrongful retention. However, by pointing out the *Blanc v. Morgan* case, Petitioner had brought to light how the facts of that case are dissimilar to the facts of this case. *Blanc v. Morgan*, 721 F. Supp. 2d 749 (W.D. Tenn. 2010).

The Court in *Morgan* stated that "the Court lacks evidence that M. is so extensively involved in activities or has developed connections within the community such that she would suffer an undue disruption if she were returned." *Id.* at 764. However, this is the exact opposite determination that the Magistrate Judge found in her Report and Recommendation. (*See* Report and Recommendation pg. 13–14). She expressly concluded that the minor child has "'formed

meaningful connections within the country's people and places' during the ten (10) months prior to the wrongful retention." (*See* Report and Recommendation pg. 13–14 (internal citations omitted)). Further, she concludes that *in the minor child's perspective* the United States is his habitual residence. (*See* Report and Recommendation pg. 13–14) (*emphasis added*)). Removing the minor child from what he sees as his permanent home would violate the purpose of the Hague Convention and deviate from Sixth Circuit precedent.

Petitioner has failed to prove by a preponderance that the minor child was habitually residing in Australia prior to the alleged wrongful retention. This is vastly different as the petitioner in *Morgan* had proved that the minor child was habitually in the country of the petitioner. The Magistrate Judge's Report and Recommendation in this case is the exact opposite as the court in *Morgan*. It is clear from the case law in the Sixth Circuit that the Magistrate Judge did not error when she recommended that the Petition be denied.

IV.     **Conclusion**

Respondent respectfully asks this Court to deny Petitioner's objections to the Magistrate's Report and Recommendation dated April 26, 2019 and adopt the Report and Recommendation in this case. The Magistrate Judge conducted a thorough analysis of the facts and case law when she determined that the acclimatization standard was the correct standard to apply and that the minor child is habitually residing in the United Stated with his father. Respondent respectfully asks that the Court deny Petitioner's petition and allow the child to remain at his habitual residence in the United States.

Respectfully submitted,

/s/ Gregg R. Lewis
Gregg R. Lewis                          (0041229)
625 City Park Avenue
Columbus, Ohio 43206
Phone: (614) 221-3938
Fax: (614) 221-3713
Email: grl@grlfamilylaw.com
*Attorney for Respondent*

## CERTIFICATE OF SERVICE

I hereby certify that an accurate copy of Respondent's Memorandum Contra to Petitioner's Objections to the Report and Recommendation of the Magistrate Judge Dated April 26, 2019, was sent via email/e-filing to Petitioner's Attorney:

Gary J. Gottfried
608 Office Parkway, Ste. B
Westerville, Ohio 43082
Gary@Gottfriedlaw.com

on this 17th day of May 2019.

Respectfully submitted,

/s/ Gregg R. Lewis
Gregg R. Lewis                          (0041229)
625 City Park Avenue
Columbus, Ohio 43206
Phone: (614) 221-3938
Fax: (614) 221-3713
Email: grl@grlfamilylaw.com
*Attorney for Respondent*