IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| GOLDI Y. CAPALUNGAN | : | |
| Petitioner, | : | Case No.: 2:18-cv-1276 |
| vs. | : | Judge: Smith |
| EMMANUEL R. LEE | : | Magistrate Judge: Jolson |
| Respondent. | : | |

## RESPONSE TO PETITIONER'S FILING FILED MAY 25, 2019

On May 25, 2019, the Petitioner filed a response to Respondent's Reply and Reply to the Supplemental Authority the Petitioner filed with this Court. The Respondent submits the following response for consideration.

Respectfully submitted,

/s/ Gregg R. Lewis
Gregg R. Lewis                (0041229)
625 City Park Avenue
Columbus, Ohio 43206
Phone: (614) 221-3938
Fax: (614) 221-3713
Email: grl@grlfamilylaw.com
*Attorney for Respondent*

1

**I.         Response to Objection I**

Respondent has not suggested that this Court should not consider cases from other circuit courts.  However, Respondent has submitted that this Court should follow the precedent that has been established in the Sixth Circuit. There are many cases in the Sixth Circuit that set forth the analysis in determining the habitual residence of a minor child for the purposes of the Hague Convention. The Magistrate Judge correctly followed this Sixth Circuit precedent when she determined that the minor child was and is habitually residing in the United States with his father. She correctly concluded that the alleged wrongful retention would have begun in December 2017 and enough time had passed from the time the minor child was brought to the United States for him to become acclimatized to his environment in the United States.

The facts of the cases that Petitioner has cited to in multiple filings with this court (*Garcia* and *Palencia*) are different than the facts of this case. Petitioner relies on the fact that there was a temporary agreement between the parties to draw similarity between these cases. However, Petitioner fails to place emphasis on the facts that make this case different than the others. In *Garcia* the minor child wished to move back to his old county, which is vastly different than the case here. The minor child has not expressed any desire to go back to Australia. Further in *Palencia*, the Petitioner was unaware of all of the steps the respondent took to wrongfully retain the minor child. Here, Petitioner has been informed about EZL's stay, voluntarily brought him to the United States, agreed to enter into a shared parenting plan, acknowledged that EZL would be here "indefinitely," and participated in helping Respondent obtain citizenship for the minor child. This case is very different than both *Garcia* and *Palencia.*

Respondent asks that this Court overrule Petitioner's first objection. Further, Respondent asks that this Court adopt the Magistrate Judge's Report and Recommendation dated April 26, 2019.

## II.  Response to Objection II

Respondent acknowledges that there is "no bright line rule" about when to apply the "shared parental intent" standard and the acclimatization standard in determining the habitual residence of a minor child. However, in her Report and Recommendation, the Magistrate Judge clearly shows that the "shared parental intent" standard is typically applied to child of a young age. She relies on the precedent set forth in the Sixth Circuit that this standard is typically "applied to children who are two years old or younger at the time of the wrongful retention." (*See* Report and Recommendation pg. 12, citing *Taglieri v. Monasky*, 907 F.3d 404, 408 (6th Cir. 2018)). The Magistrate Judge's Report and Recommendation correctly concludes that the acclimatization standard should be applied in this case. At the time of the alleged wrongful retention, EZL was five (5) years old. He is not too young that he could not have become acclimatized to the United States.

Respondent submits that the Petitioner is correct in the fact that the Court is required to "examine all the facts and circumstances of each case." The Respondent believes that the Magistrate Judge did consider all the facts and circumstances about this case when she made the recommendation that the Petition be denied. She heard testimony from multiple witnesses, reviewed the evidence submitted at trial, and read all pretrial and post-trial briefs that were submitted in this matter. In her decision she states "[u]nfortunately for Petitioner, the Undersigned is required to determine EZL's habitual residence at the time of the wrongful retention. And Petitioner has not met her burden to demonstrate by a preponderance of the evidence that Australia

3

was EZL's habitual residence in late December 2017." (*See* Report and Recommendation pg. 14). She further went on to say that "[u]nder Sixth circuit precedent, EZL had acclimatized to the United States by the time of the alleged wrongful retention in late December 2017. Consequently, the Hague Convention cannot afford Petitioner Relief here." (*See* Report and Recommendation pg. 15). The Magistrate states that she follows the precedent set forth in the Sixth Circuit and to apply the "shared parental intent" standard in this case would be deviating from that precedent.

Petitioner wrongfully states that the important part of the *Blanc v. Morgan* case is that the court went on to comment on the conduct of the respondent in that case. *Blanc v. Morgan*, 721 F. Supp. 2d 749 (W.D. Tenn. 2010). The Court in *Blanc v. Morgan* did not make its ruling based on the conduct of the respondent. The Court based its ruling on the fact that the respondent in that case could not prove by a preponderance of the evidence that the minor child was well settled into his new environment. In addition, the respondent in that case failed to prove any of the defenses she claimed. The Court based its decision on the fact that the minor child expressed her desire to be returned to her father. The minor child in this case has made no such expression and has become well settled and adapted to his environment.

Although Respondent denies engaging in any misrepresentations or wrong doing toward the Petitioner, the Magistrate Judge correctly applied the acclimatization standard and ruled that the minor child was habitually residing in the United Stated even after she found an alleged wrongful retention. The Sixth Circuit precedent establishes that the Hague Convention cannot provide relief in this case. It is by both the conduct of the Petitioner and the Respondent that EZL is habitually residing in the United States. Petitioner voluntarily brought him here in February 2017, failed to take him back to Australia in December 2017, agreed to him becoming a United

States citizen, and agreed that EZL should be enrolled in school. Respondent has been clear that it was his intention that they were all to live in the United States as a family.

Respondent asks that this Court overrule Petitioner's second objection and deny Petitioner's claims that the minor child should be returned to Australia. Further, Respondent asks that this Court adopt the Magistrate Judge's Report and Recommendation date April 26, 2019, and allow the minor to continue to live where he is habitually residing, in the United States under the care of the Respondent.

### III. Conclusion

Respondent asks that this Court adopt the Magistrate Judge's Report and Recommendation dated April 26, 2019. The Magistrate Judge did not commit error when she determined that the minor child is habitually residing in the United States with his father and she did not error when she followed Sixth Circuit precedent and used the acclimatization standard. Respondent asks that this honorable Court **DENY** Petitioner's petition and allow the minor child to stay in the United States, his habitual residence and his permanent home.

Respectfully submitted,

/s/ Gregg R. Lewis
Gregg R. Lewis                    (0041229)
*Attorney for Respondent*

5

## CERTIFICATE OF SERVICE

I hereby certify that an accurate copy of Respondent's Response to Petitioner's Filing Dated May 25, 2019, was sent via email/e-filing to Petitioner's Attorney:

Gary J. Gottfried
608 Office Parkway, Ste. B
Westerville, Ohio 43082
Gary@Gottfriedlaw.com

on this 31st day of May 2019.

                                          Respectfully submitted,

                                        /s/ Gregg R. Lewis
                                        Gregg R. Lewis          (0041229)
                                        625 City Park Avenue
                                        Columbus, Ohio 43206
                                        Phone: (614) 221-3938
                                        Fax: (614) 221-3713
                                        Email: grl@grlfamilylaw.com
                                        *Attorney for Respondent*